UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

v.                                                                NO. 13-141

GEORGE W. POTTER                                                  SECTION "F"


ORDER AND REASONS

Before the Court is a federal prisoner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. For the reasons that follow, the petition is DENIED.

Background

Potter is currently serving 188 months imprisonment for one count of Distributing Child Pornography in violation of 18 U.S.C. § 2252(a)(2). He pled guilty pursuant to a plea agreement in which he waived his appellate rights. After his sentencing on February 26, 2014, in this Court, he did not appeal his sentence or conviction to the Fifth Circuit, instead filing this § 2255 motion alleging ineffective assistance of counsel on several grounds:

(1) Failing to challenge the validity of the federal statute prohibiting the distribution of child pornography on the ground that Congress exceeded its powers under the Constitution and intruded on the sovereignty and authority of the State of Florida in enacting the statute;

1

(2) Failing to challenge the validity of the child pornography statute on the ground that Congress exceeded its power under the Commerce Clause;

(3) Failing to challenge sentencing enhancements;

(4) Failing to challenge the constitutionality of the Sentencing Guidelines under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013);

(5) Failing to inform Potter that a guilty plea could result in a sentence of 188 months; and

(6) Failing to submit a sentencing memorandum and a request for a variance from the Sentencing Guidelines.

I.

*A. Waiver*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 allows a prisoner in federal custody to challenge his sentence if it "was imposed in violation of the Constitution or the laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). But a defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary. See e.g., <u>United States v. Bond</u>, 414 F.3d 542, 544 (5th Cir. 2005)(holding that a "knowing and voluntary" standard applies to a waiver of appeal); <u>United States v. McKinney</u>, 406 F.3d 744,

2

746 (5th Cir. 2005) ("We apply normal principles of contact interpretation when construing plea agreements."); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it."  United States v. Ruiz, 536 U.S. 622, 630 (2002).

When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not "voluntary" or knowledgeable, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver was ineffective.  See White, 307 F.3d at 343; Bond, 414 F.3d at 544 (citing McKinney, 406 F.3d at 746).  Furthermore, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); McKinney, 406 F.3d at 746; Bond, 414 F.3d at 544.  As the Supreme Court has stated, "[s]olemn declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Likewise, guilty pleas must be "voluntary," with their attendant waivers made "'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" Ruiz, 536 U.S. at 629; (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Bousley v. United States, 523 U.S. 614, 628 (1998). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." Taylor v. Whitney, 933 F.2d 325, 329 (5th Cir. 1991). The Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238 (1969), requires a hearing prior to entry of a guilty plea at which a court must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made. Matthew v. Johnson, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly by requiring "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S.

55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." Id. at 78 (Stevens, J., concurring).

However, a determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. See United States v. Gracia, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." Id. at 627. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

### B. Ineffective Assistance of Counsel

Even if a defendant waives his right to appeal and collaterally attack his plea and sentence, he can avoid those

waivers based on ineffective assistance of counsel on a showing that "the claimed assistance directly affected the validity of that waiver or the plea itself." White, 307 F.3d at 343. As such, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." Id. Thus, when a defendant who has pled guilty and waived his post-conviction challenge and appellate rights "claims ineffective assistance of counsel, but he does not claim that the waiver in his plea agreement was unknowing or involuntary . . . [courts] will . . . hold him to his word and affirm" the validity of the waiver. Id. at 344.

In a § 2255 petition alleging ineffective assistance of counsel, the petitioner bears the burden of proof. See Gochicoa v. Johnson, 238 F.3d 278, 285 (5th Cir. 2000). To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, the likely outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A petitioner must meet both prongs of the Strickland test to succeed. See id. at 687. As to the first prong, the Court applies a highly deferential standard to the examination of counsel's performance. See id. As to the second

prejudice prong, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. If a petitioner fails to establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. See id. at 697.

II.

*A. Waiver*

Potter does not contend that his guilty plea was unknowing or involuntary. At his rearraignment, he affirmed that he had read the plea agreement and reviewed it with his attorneys. His attorneys confirmed that they had explained and discussed the plea agreement with him and that he understood the nature of his plea agreement. In that plea agreement, Potter agreed to "[w]aive[] and give[] up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution." He also "[w]aive[d] and [gave] up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241." He identified his signature on the plea agreement and confirmed that he had completed high school, could read competently, was not under medical care, and was not taking any medications that could

7

impair his comprehension or reasoning.  "Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).  Potter was under oath at all times.

### B. Ineffective Assistance of Counsel

Potter twice affirmed, at his rearraignment and at sentencing, that he was satisfied with the legal representation he had received.  <u>Gao v. United States</u>, 375 F.Supp.2d 456, 464 (E.D. Va. 2005) ("[P]etitioner's statements that she was satisfied with her attorneys' performance preclude consideration of any ineffective-assistance claim the grounds for which were apparent to petitioner at the time she entered her plea.").  Nonetheless, the Court will address the merits of Potter's claims.

### i. Tenth Amendment/Commerce Clause

Potter contends that his lawyers were ineffective for failing to challenge the federal statute prohibiting the distribution of child pornography on the ground that it usurps the state's police power and exceeds Congress's Commerce Clause power; these arguments are two sides of the same coin.  The Fifth Circuit has held that "the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce."  <u>United States v. Rivers</u>, 598 F. App'x 291, 292 (5th Cir. 2015); <u>United States v. Dickson</u>, 632 F.3d 186, 192 (5th Cir.

8

2011); United States v. Kallestad, 236 F.3d 225, 226–31 (5th Cir. 2000). Here, Potter admitted in the factual basis for his plea that he sent pornographic content from his house in Florida to an individual in Louisiana. His Commerce Clause and Tenth Amendment arguments fail.

*ii. Sentencing Enhancements and Memorandum*

Potter challenges the 18 points[1] he received as a result of the various enhancements assessed under the Sentencing Guidelines: (a) 2 points because the material involved a prepubescent minor or minor who had not attained the age of twelve; (b) 5 points because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain;[2] (c) 4 points because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; (d) 2 points because the offense involved the use of a computer; and (e) 5 points because the offense involved more than 600 images.

Potter thus attacks the Court's application of the Guidelines and the calculation of the enhancements, which is not appropriate in a § 2255 proceeding. United States v. Segler, 37 F.3d 1131,

---

[1] This was subsequently reduced by 3 points. The original Presentence Investigation Report calculated the total offense level to be 37, resulting in a Guideline range of 210-262 months. After the defendant's objection to an enhancement, however, his range was reduced to 151-188 months, and he was sentenced to 188 months.

[2] Upon the defendant's objection, this 5-level increase was reduced to a 2-level increase.

9

1134 (5th Cir. 1994); United States v. Faubion, 19 F.3d 226 (5th Cir. 1994). Potter's challenges to the enhancements are nonconstitutional issues that should be raised on direct appeal. United States v. Smith, 68 F.3d 466 (5th Cir. 1999) (unpublished). Moreover, it is clear from the record that Potter's enhancements are based on his admission to the factual basis.

Potter also contends that his counsel was ineffective for failing to submit a sentencing memorandum challenging the enhancements.[3] This claim is unfounded; counsel successfully objected to the 5-point increase because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain. At sentencing, Potter was aware of all of the enhancements and his attorneys' objection to the 5-point thing-of-value enhancement only, and he nonetheless stated that he was satisfied with his representation. See Gao, 375 F.Supp.2d at 464.

*iii. Sentencing Guidelines*

Potter submits that the Sentencing Guidelines were rendered unconstitutional by Alleyne v. United States, 133 S. Ct. 2151

---

[3] In this section, Potter also submits that important mitigating circumstances were omitted from his Presentence Investigation Report and that counsel had a duty to make them known to the Court. He contends that the Court was unaware of his difficult childhood, his commitment to religion, his time spent in the Boy Scouts, and his lifeguarding. All of the circumstances set forth by the petitioner, with the exception of the lifeguarding, are in fact in the PSR and were taken into account at sentencing. This claim is thus without merit.

(2013), and that his counsel was ineffective for failing to raise this argument. The Court in Alleyne did not render the Guidelines unconstitutional, but, rather, held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2153. Alleyne, however, does not apply here because Potter pled guilty and admitted to the factual basis that set forth the facts underlying the sentencing guideline and the various enhancements.

   *iv. Notice of Sentence to Be Imposed*

  Potter contends that his counsel was ineffective for failing to advise him that he could receive a sentence of 188 months (or 15 years, 8 months), and that if he had known that, he would have proceeded to trial. Of course, at the rearraignment Potter was advised numerous times that the maximum sentence he faced was 20 years, and he signed the plea agreement that stated that his maximum sentence was 20 years imprisonment. Potter affirmed at the rearraignment that he understood the maximum possible sentence that the Court could impose regardless of a guilty plea, and that he had not been promised a specific sentence. Potter only needed to know the maximum prison term for his offense; he did not need to know the particular sentence he would later receive. United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). His claim that his counsel was ineffective for failing to advise him that he would receive a sentence of 188 months is without merit.

11

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition is hereby DENIED.

New Orleans, Louisiana, June 1, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE