UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 13-141 |
| GEORGE WILLIAM POTTER | SECTION: "F" |

ORDER AND REASONS

Before the Court is George William Potter's *pro se* motion for a sentence reduction or release on home confinement. For the reasons that follow, the motion is DENIED.

**Background**

George William Potter pleaded guilty to distributing child pornography, and the Court sentenced him to 188 months in prison. He is housed at FCI Jesup, and his projected release date is September 2026. He is 33 years old and—anxiety aside—has no documented medical condition.

Potter is concerned about COVID-19's spread within federal prisons. So, he asked the Warden of FCI Jesup to release him on home confinement or to reduce his sentence. She declined.

Now, Potter asks this Court to do what the Warden did not. He seeks release on home confinement or a 75-month reduction of his

1

188-month sentence. He does not identify a medical condition that makes him more likely to develop complications from COVID-19, but he does air generalized grievances about FCI Jesup's efforts to stop the spread of the pandemic. The government opposes Potter's motion on the grounds that (1) he is a sex offender who poses a public-health risk, and (2) he offers no "extraordinary or compelling reason[]" for early release. Because all agree that Potter exhausted his administrative remedies within the Bureau of Prisons, the Court turns directly to the merits.[1]

I.

First, Potter moves for a sentence reduction under 18 U.S.C. § 3582(c).[2] He is ineligible for one.

A.

Applied here, § 3582(c)(1) is straightforward. The Court may reduce Potter's prison term based on two findings: (1) "extraordinary and compelling reasons warrant" a reduction; and (2) a reduction is "consistent with applicable policy statements

---

[1] The administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is met because 30 days have passed since the Warden of FCI Jesup received Potter's request for compassionate release or release on home confinement.

[2] The First Step Act of 2018 amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. See PUB. L. NO. 115-391, 132 STAT. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[3] In so finding, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." Id. Of course, Potter has the burden of showing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). He has not done so.

1.

First, no "extraordinary and compelling" reasons support a 75-month sentence reduction. Three types of reasons can be "extraordinary and compelling":(1) a medical condition; (2) age; and (3) family circumstances. U.S.S.G. § 1B1.13, Note 1. Potter invokes none of them, because none applies. He is 33 years old, and he mentions neither a family circumstance nor a medical condition in his motion. True, he gives one reason—a generalized fear of catching COVID-19. But that is not, as a matter of law, an "extraordinary and compelling reason" for a sentence reduction. See, e.g., United States v. Clark, --- F. Supp. 3d ---, 2020 WL 1557397, at *4-5 (M.D. La. Apr. 1, 2020).

---

[3] Potter is ineligible for relief under sub-section (ii) because he is not "at least 70 years of age," and he has not "served at least 30 years in prison[.]" 18 U.S.C. 3582(c)(1)(A)(ii).

3

2.

Even if Potter could show "extraordinary and compelling reasons," the Court would deny his request. For reducing his sentence is *not* "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The "applicable policy statement[]" is U.S.S.G. § 1B1.13. It provides, in part, that a court cannot reduce a defendant's sentence under § 3582(c)(1)(A) unless the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2).

The Court cannot so find. Potter is a 33-year-old sex offender who has admitted that he traded videos depicting young boys engaging in sexual acts with each other and with adults. In support of his claim that he is no longer dangerous, he offers only the empty assurance that he will lead a crime-free life. That will not do.

Because Potter fails to show that he "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), the Court finds that granting Potter a sentence reduction would *not* be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). He is ineligible for a sentence reduction on this independent ground.

\* \* \*

No "extraordinary and compelling reasons warrant" a reduction of Potter's sentence. 18 U.S.C. § 3582(c)(1)(A). And granting him a reduction would clash with "applicable policy statements issued by the Sentencing Commission." Id. The Court therefore denies Potter's request for a § 3582(c)(1)(A) reduction. Having rejected Potter's first request, the Court turns to his second.

II.

Next, Potter moves the Court to release him on home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), PUB. L. NO. 116-136, 134 STAT. 281. The Court declines.

A.

The Court lacks the power to place Potter on home confinement because that power belongs to the Bureau of Prisons alone. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); United States v. Hankton, No. CR 12-1, 2020 WL 3581734, at *3 (E.D. La. July 1, 2020).

The CARES Act allows the Director of the Bureau of Prisons to "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau[.]" CARES Act, § 12003(b)(2). He has so

found. See William P. Barr, Memorandum for Director of Bureau of Prisons (Apr. 3, 2020).[4] So, the Director of the Bureau of Prisons may "lengthen the maximum amount of time for which" he may place Potter on home confinement, CARES Act, § 12003(b)(2), but this Court may not. See 18 U.S.C. § 3621(b). The Court therefore denies Potter's request for release on home confinement under the CARES Act.

### III.

Potter does not qualify for a sentence reduction under 18 U.S.C. § 3582(c), and the Court is without power to order that he be released on home confinement under the CARES Act. Accordingly, IT IS ORDERED: that Potter's *pro se* motion for a sentence reduction or release on home confinement is DENIED.

New Orleans, Louisiana, August 20, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Available at https://www.justice.gov/file/1266661/download.