UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 13-141** |
| **GEORGE W. POTTER** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant George W. Potter's ("Potter") *pro se* motion[1] to appoint Potter counsel to represent him in filing a challenge to the terms of his supervised release. Potter's motion states that he is currently residing in a halfway house and that he does not have access to case law.[2] For the reasons that follow, the Court grants Potter's motion.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). The court may, however, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief. *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court."); 28 U.S.C. § 3006A(a)(2) (providing that courts may appoint counsel to financially eligible persons who are seeking relief pursuant

---

[1] R. Doc. No. 62.
[2] *Id.* at 1.

to 28 U.S.C. §§ 2241, 2254, or 2255). The interests of justice do not require appointment of counsel where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020) (Vance, J.) (quoting *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (internal alterations omitted)).

The Court concludes that the interests of justice require appointing counsel in this case. Potter states that the terms of his supervised release do not allow him access to case law.[3] Though Potter does not explain this assertion, a review of the terms of his supervised release reveals that Potter is prohibited from "possess[ing] or us[ing] for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, or access[ing] computers or other forms of wireless communication via third parties."[4] Because of this condition, Potter's ability to represent himself *pro se* in this matter is severely limited.

Potter has not informed the Court of the basis of his proposed challenge to the terms of his supervised release. However, the Court notes that, when reviewing a similar computer-use restriction to the one in Potter's conditions of supervised release, the Fifth Circuit has held that such a condition was overbroad and that it was plain error for the district court to impose such a restriction. *See United States*

---

[3] *Id.*
[4] R. Doc. No. 38, at 2.

*v. Becerra*, 835 F. App'x 751, 754–58 (5th Cir. 2021). Additionally, because the Court at the time of judgment concluded that Potter did not have the ability to pay a fine, the Court concludes that there is a sufficient basis to find that Potter is financially eligible for appointment of counsel.[5] *See United States v. Streaty*, 735 F. App'x 140 (5th Cir. 2018) (per curiam) (stating that a defendant's ability to pay "is an issue of fact . . . review[ed] for clear error").

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**. The Office of the Federal Public Defender is hereby **APPOINTED** as counsel of record for Potter.

New Orleans, Louisiana, March 20, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[5] *See id.* at 1.